**AERO–MASTER, INC., Petitioner,**

v.

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Respondent.**

No. 84–2458.

United States Court of Appeals,
Eighth Circuit.

Submitted June 10, 1985.

Decided June 26, 1985.

Rehearing Denied Aug. 2, 1985.

David M. Duree, St. Louis, Mo., for petitioner.

* The Honorable H. Kenneth Wangelin, United States Senior District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

**1.** The statute provides in pertinent part, that:

Charles E. DiLeva, Justice Dept., Washington, D.C., for respondent.

Before HEANEY and BOWMAN, Circuit Judges, and WANGELIN,* District Judge.

PER CURIAM.

Aero-Master, Inc. was found to have violated the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), 7 U.S.C. § 136j, by shipping misbranded pesticide from Missouri to Minnesota. For reversal, Aero-Master argues that the administrative law judge (ALJ) erred in his determination regarding the safety of Aero-Master's shipping method and in imposing the civil penalty that he imposed. We affirm.

Aero-Master shipped a fogging machine for insect control from St. Louis, Missouri to a Minnesota restaurant. The fogging machine contained one gallon of Aero-Master pesticide; labeling information and operating instructions were wired to the handle of the machine when shipped. State inspectors and EPA officials cited Aero-Master for violating FIFRA because the pesticide was mislabeled due to the fact that the required labels and cautionary instructions were not "securely affixed" to the shipping container.

The ALJ found that this method of shipment (in which the insecticide is shipped in the machine and the instructions and labels are wired to the machine's handle) violated FIFRA. He also found that Aero-Master's newly-developed shipping method (in which Aero-Master ships the fogging machine empty, accompanied by a one gallon container of pesticide which bears the pesticide labeling) conforms with FIFRA. For its misbranding violation under its former method of shipment, Aero-Master was assessed a civil penalty of $2,100.

Under FIFRA, a pesticide is "misbranded" if a label bearing certain information is not "affixed to its container." 7 U.S.C. § 136(q)(2)(C).[1] The EPA's regulations

(2) A pesticide is misbranded if—
    *     *     *     *     *     *
(C) there is not affixed to its container, and to the outside container or wrapper of the retail package, if there be one, through which the required information on the immediate

also require that the label "appear on or be securely attached to the immediate container" and that the label "can reasonably be expected to remain affixed during the foreseeable conditions and periods of use." 40 C.F.R. § 162.10(a)(4).

Agency determinations under FIFRA are to be sustained on appeal if they are "supported by sustantial evidence when considered on the record as a whole." 7 U.S.C. § 136n(b). *See Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 465, 95 L.Ed. 456 (1951). The Supreme Court has interpreted "substantial evidence" to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938).

After careful review of the record, we find that the ALJ's decision was supported by substantial evidence. Within a week, the warning packet had been removed from the handle and was unavailable; in fact, removal of the packet was necessary for the user to read the warning instructions. This fact takes on additional importance in light of the ALJ's findings that fogging of a small area might take only a few minutes and the one gallon supply might not be consumed for up to a year, during which time the warning would be unavailable. In light of these facts, we sustain the ALJ's finding of a violation.

With respect to the civil penalty, we note that the $2,100 was within the range of penalties prohibited by statute and that it reflects, to some degree, the specific circumstances underlying the violation. Although we recognize that the ALJ had the discretion to impose the civil penalty that he imposed, we observe that the violation was essentially technical and nonwillful,

and that Aero-Master corrected it promptly by amending its shipping procedure when the EPA began its investigation. We decline to reduce the penalty but we suggest that, on remand for entry of final judgment, the agency may wish to consider reducing the civil penalty under the circumstances of the case.

Accordingly, the judgment of the agency is affirmed.

container cannot be clearly read, a label bearing—
    (i) the name and address of the producer, registrant, or person for whom produced;
    (ii) the name, brand, or trademark under which the pesticide is sold;
    (iii) the net weight or measure of the content: *Provided,* That the Administrator may permit reasonable variations; and

    (iv) when required by regulation of the Administrator to effectuate the purposes of this subchapter, the registration number assigned to the pesticide under this subchapter, and the use classification[.]